IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY L. TAYLOR,

    Petitioner,

v.                                                                                   Civil Action No.  1:20cv131
                                                                                    (Judge Kleeh)

SHELBY O. SEARLS,

    Respondent.

## REPORT AND RECOMMENDATION

This case was initiated on June 30, 2020 by the filing of a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.  On November 3, 2020 the petitioner paid his $5.00 filing fee as directed.  On November 3, 2020, Petitioner moved for appointed counsel; by Order entered November 4, 2020, the motion was denied.  On December 2, 2020, Petitioner filed a motion for discovery and an evidentiary hearing [ECF No. 15] and for reconsideration of the earlier Order denying appointed counsel [ECF No. 16]; the motions were denied by Orders entered February 22, 2021. ECF Nos. 18, 19.  On February 17, 2021, Petitioner filed a letter motion to dismiss which the undersigned construes as a letter motion to amend the petition. ECF No. 17. On March 2, 2021, Petitioner filed a letter motion rescinding the letter motion to dismiss. ECF No. 21.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

The petitioner was convicted by way of a plea of *nolo contendere* entered in the Circuit Court of Mason County, West Virginia on August 23, 2013, to two counts of sexual abuse in the first degree and one count of incest. The criminal action number assigned to the case in Mason County is 13-F-65.  The petitioner was sentenced on October 28, 2013 to a total concurrent sentence of 5 – 15 years on all counts.  An amended sentencing Order was entered October 30, 2013. See Mason County Circuit Court docket, Exh. 1.

**B.   Petitioner's Direct Appeal**

Over six years after he was sentenced, Petitioner filed a *pro se* notice of appeal on November 18, 2019 with the West Virginia Supreme Court of Appeals ("WVSCA"); it was so untimely that the WVSCA refused to docket it.[1]

**C.   Petitioner's State Habeas Petition**

The petitioner has not yet filed a state habeas petition.

**D.   Petitioner's Federal Habeas Petition**

On June 30, 2020, the petitioner filed the instant federal habeas petition.  In the petition, Petitioner raises three grounds for relief, asserting that 1) the prosecution failed to present evidence favorable to him, including medical records by the state examiners and Pt. Pleasant pediatricians stating "that sexual abuse was evident [sic]/that they were untouc[h]ed [and] no abuse occurred;" 2) counsel was ineffective because the prosecution failed to disclose evidence favorable to him (i.e., the previously noted medical records); and (3) the prosecution failed to present evidence

---

[1] Petitioner attached a copy of the WVSCA's November 25, 2019 Order to an earlier § 2254 he filed in this Court on April 20, 2020; that petition was dismissed on June 18, 2020 for failure to prosecute. See Case No. 3:20cv58. The undersigned notes that there is an error in the WVSCA's Order; it says that the "final order was entered in the Circuit court of Mason County on August 30, 2013" and thus, Petitioner's "notice of appeal was due on or before September 29, 2013 and is therefore statutorily out of time." See WVSCA Order, attached here as Exh. 2. Petitioner was not even sentenced until October 28, 2013, thus, his notice of appeal could not have been filed before that date.  Nonetheless, Petitioner's November 18, 2019 notice of appeal was in fact grossly untimely, having been filed over six years after he was sentenced.

favorable to the defendant (medical records proving that no sexual abuse ever occurred. ECF No. 1 at 6 – 11.

Although Petitioner avers that he raised Ground One on appeal, he also admits that the appeal was denied as untimely filed; he denies having ever raised Grounds Two and Three on appeal, stating that the appeal was denied as untimely filed. He contends that "attorney failed to file." Id. at 10.

As relief, Petitioner requests that his name be cleared, "nothing more," given that he has completed the sentence imposed and is now "just cleaning up loss of good time." Id. at 20.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b).  Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989).  Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims).  To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court.  Matthews v. Evatt, 105 F.3d 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997).  "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim.  The ground relied upon must be presented face up and squarely; the federal question must be plainly defined." Id. at  911.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition

or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[2] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan, 513 U.S. at 365 – 66, *quoting* Picard, 404 U.S. at 275.

Here, Petitioner did not timely file a direct appeal of his state court conviction and sentence, and the time for doing so has now long passed. Nor has Petitioner ever filed a post-conviction state habeas proceeding.  Therefore, the undersigned finds that the petitioner's claims are not exhausted

---

[2] Picard v. Connor, 404 U.S. 270 (1971).

as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.

### III. Recommendation

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

The undersigned further **RECOMMENDS** that Petitioner's pending construed letter motion to amend the petition [ECF No. 17], as well as Petitioner's letter motion to rescind the same [ECF No. 21] be **DENIED as moot**.

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of**

**Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

    The Clerk is directed to provide a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

    In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: March 3, 2021

                                                /s/ *Michael John Aloi*
                                                MICHAEL JOHN ALOI
                                                UNITED STATES MAGISTRATE JUDGE